IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ACTIVATION PRODUCTS (CAN) INC. and IAN CLARK,

    Plaintiffs,

v.

ANDREAS WECKER, STEPHEN HEUER, and TIME MACHINE, LLC,

    Defendants.

Case No. 6:16-cv-02182-TC

ORDER

AIKEN, Judge:

    Plaintiffs Activation Products (CAN) Inc. ("Activation") and Ian Clark seek a temporary restraining order prohibiting defendant Andreas Wecker from making false and defamatory statements about Activation's products and Clark; selling, using, or destroying certain property

Page 1 - ORDER

currently in Wecker's possession; and pursuing any claim, including any application to register a trademark, related to Wecker's rights to intellectual property owned by Activation. Plaintiffs also move for an order to show cause why a preliminary injunction should not issue. For the reasons set forth below, plaintiffs' motion for a temporary restraining order and order to show cause is denied.

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l Resources Def. Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, in an emergency a temporary restraining order may be entered without notice. *See* Fed R. Civ. P. 65(b)(1)(A) (restricting availability of *ex parte* temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.")

A temporary restraining order is not justified here for three reasons. First, the amended complaint does not show the type of emergent harm required by Rule 65(b)(1)(A). The business relationship between Activation and Wecker ended more than a year ago, in November 2015. The amended complaint does not provide specific dates but suggests Wecker began making false statements about plaintiffs shortly after that relationship ended. The exhibits attached to Clark's affidavit, purportedly statements defendants made on websites, are dated June 2016 and October (no

Page 2 - ORDER

year specified, but presumably also 2016). Plaintiffs filed this lawsuit November 17, 2016, but did not move for a temporary restraining order until more than a month later. Plaintiffs have not explained why they waited until now to request preliminary relief, and there is no allegation that Wecker's conduct has increased in severity or frequency such that *immediate* relief is necessary. Moreover, plaintiffs' conduct after filing the motion further suggests there is no emergency. Plaintiffs filed the motion on December 21, 2016, but later informed the Court that there was no need for a ruling on the motion until sometime in January. On the record currently before the Court, there is no emergency justifying issuance of a temporary restraining order.

Second, two of plaintiffs' requests for the relief — that Wecker be enjoined from making false statements about plaintiffs and Activation products, and that Wecker be prohibited from claiming he owns certain intellectual property and be directed to withdraw his application to register trademarks — raise serious First Amendment concerns. Prior restraints on expression are presumptively unconstitutional. *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976). Preliminary relief limiting a party's speech is, by definition, a prior restraint on expression. *Alexander v. United States*, 509 U.S. 544, 550 (1993). Although the prohibition against prior restraint is not absolute, "the gagging of publication has been considered acceptable only in 'exceptional cases.'" *CBS, Inc. v. Davis*, 510 U.S. 1315, 1317 (1994) (Blackmun, J., in chambers) (quoting *Near v. Minnesota*, 283 U.S. 697, 716 (1931)).

If Wecker's speech is, as plaintiffs allege, defamatory, then it is not protected by the First Amendment. *United States v. Alvarez*, 617 F.3d 1198, 1207 (9th Cir. 2010). But at this stage, the question is not whether the First Amendment protects Wecker's speech "or even whether it probably does." *McDermott v. Ampersand Publ'g, LLC*, 593 F.3d 950, 957 (9th Cir. 2010). So long as there

is "at least some risk that constitutionally protected speech will be enjoined," preliminary relief may be awarded only on a "particularly strong showing" of both likely success on the merits and of irreparable harm. *Id.* at 957-58. In view of the importance of free speech, Wecker must be given an opportunity to respond before I can determine whether plaintiffs have met this demanding standard.

Finally, regarding the third request for relief, plaintiffs have not shown irreparable harm. Plaintiffs request that Wecker be enjoined from selling, using, or destroying certain property in his possession. But they have not explained why money damages would be inadequate to compensate them for any loss in connection with that property. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

## CONCLUSION

Plaintiffs' Application for a Temporary Restraining Order and Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue (doc. 6) is DENIED. At plaintiffs' request, the Court will entertain a motion for a preliminary injunction after defendants have been served with notice of this lawsuit.[1]

IT IS SO ORDERED.

Dated this 9th day of January 2017.

                              _/s/ Ann Aiken_
                              Ann Aiken
                              United States District Judge

---

[1] If plaintiffs file such a motion, they are free to request expedited consideration pursuant to L.R. 7-1(g).